NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY G. HERBERT, | No. 15-35400 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01429-MJP |
| v. | |
| CLAUDIA BALDUCCI; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted February 14, 2017**

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Anthony G. Herbert appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Herbert's access-to-court claim because Herbert failed to raise a genuine dispute of material fact as to whether he requested access to the law library computer workstations and defendants denied him access. *See Lewis v. Casey*, 518 U.S. 343, 348-49, 354-55 (1996) (setting forth elements of an access-to-courts claim); *Johnson v. Duffy*, 588 F.2d 740, 743-744 (9th Cir. 1978) (liability under § 1983 requires evidence of individual participation in the alleged violation). Moreover, Herbert failed to raise a genuine dispute of material fact as to whether the alleged denial of access to computer workstations resulted from an official policy, practice, or custom of defendant King County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978) (setting forth requirements for a § 1983 claim of municipal liability).

The district court properly granted summary judgment on Herbert's constitutional claims related to restrictions on reading material and telephone access while in disciplinary segregation because Herbert failed to raise a genuine dispute of material fact as to whether the restrictions were not reasonably related to a legitimate governmental objective. *See Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979) ("Absent a showing of an expressed intent to punish on the part of detention facility officials . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" (internal citations omitted)); *see also Pratt v.*

*Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.").

The district court properly granted summary judgement on Herbert's First Amendment claims related to the denial of Alcoholics Anonymous' Big Book while in disciplinary segregation because Herbert failed to raise a genuine dispute of material fact as to whether the denial substantially burdened his ability to practice his religion or violated the Establishment Clause. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (Free Exercise Clause is only implicated when a prison practice burdens an inmate's sincerely-held religious beliefs); *Inouye v. Kemna*, 504 F.3d 705, 712 n.7 (9th Cir. 2007) (setting forth test for Establishment Clause violation).

We reject as without merit Herbert's contentions that the district court did not apply the legal standards applicable to a pretrial detainee and overlooked his First Amendment claims.

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-35400